# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### AIKEN DIVISION

| | |
|---|---|
| JUSTIN ROBERT WATERS, | |
| PLAINTIFF, | C.A. No.: 1:25-cv-12877-JDA |
| v. | **COMPLAINT** |
| UNITED STATES POSTAL SERVICE, | |
| DEFENDANT. | |

COMES NOW Plaintiff Justin Robert Waters complaining of the Defendant United States Postal Service and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This suit arises out of an incident in which a motor vehicle owned by Defendant United States and operated by an Employee of the Defendant, struck the Plaintiff while he was operating a motorcycle in Aiken, South Carolina.

2. Plaintiff is a citizen of Aiken, South Carolina at all times relevant to this action.

3. Plaintiff brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671, et seq., for damages proximately caused by Defendant's negligence.

4. Gregory Schreiber is an employee of the Defendant who, upon information and belief, was engaged in the course and scope of his employment by the Defendant while operating a government owned Grumman, license Plate SG G400 at all times relevant to this action.

5. The United States Postal Service is the appropriate defendant subject to suit under the Federal Tort Claims Act, 28 U.S.C. §1346(b).

6. Plaintiff timely presented an administrative tort claim to the United States Postal Service and has exhausted his administrative remedies as required by the Federal Tort Claims Act,

28 U.S.C. §2675(a).

7. The United States Postal Service has failed to respond to the Plaintiff's Form 95 and six months have passed since they received the Form 95.

8. This Complaint seeks damages under 28 U.S.C. §2671, et seq., Federal Tort Claims Act, for personal injury and money damages caused by the negligent or wrongful acts or omissions of employees of the United States Postal Service, while acting within the course and scope of his employment and operating a United States Postal Service owned vehicle under circumstances where the United States Postal Service, if it were a private person, would be liable to the Plaintiff in accordance with the laws of the State of South Carolina.

9. Venue is proper in this district pursuant to 28 U.S.C. §1402(b) as the collision occurred in Aiken County, South Carolina.

## COMMON FACTUAL ALLEGATIONS

10. Plaintiff incorporates the allegations set forth above herein below as if restated verbatim.

11. On or about October 18, 2023, Plaintiff was driving a Suzuki motorcycle and traveling in a generally southerly direction on Sec-33 in Aiken, South Carolina.

12. At the same time and vicinity, Gregory Schreiber, an employee of the United States Postal Service, was driving a Grumman owned by the Defendant, license plate SG G400, and traveling in a generally southerly direction on Sec-33 in Aiken, South Carolina.

13. The Defendant's vehicle was partially off the roadway. Gregory Schreiber, in the course and scope of his employment by the Defendant, then attempted to pull the vehicle back onto the roadway to make a left turn onto Sec-1761.

14. Gregory Schreiber failed to yield the right of way to the Plaintiff.

15. The Plaintiff attempted to avoid the collision by driving left of center before being

struck by the Defendant's vehicle.

16. As a direct and proximate result of Defendant's vehicle colliding with the Plaintiff, the Plaintiff suffered a right shoulder contusion, right hand contusion, abrasion, cervical strain, lumbar strain, tendonitis of the right rotator cuff, and closed fracture of the scapular body.

## CAUSES OF ACTION

### CHARGE I
**(Vicarious Liability, Negligence, Gross Negligence, Negligence Per Se as to The Defendant)**

17. Plaintiff incorporates the allegations set forth above herein below as if restated verbatim.

18. Defendant United States owes a duty to the Plaintiff and general public to operate its motor vehicles with reasonable care and prudence so as to avoid injury or harm to motorists such as the Plaintiff.

19. Defendant United States is vicariously liable for the acts or omissions of its employees undertaken or committed in connection with the course and scope of their employment and associated duties, to include the operation of U.S. Government-owned or leased vehicles for operations and support functions of the United States Postal Service.

20. Defendant United States, by and through its employee, were negligent, negligent per se, grossly negligent, willful, wanton, and reckless at the time and place alleged above in the following particulars, to wit:

    a. In failing to maintain a proper lookout;

    b. In failing to maintain proper control of its vehicle;

    c. In failing to yield the right of way to the Plaintiff;

    d. In failing to warn the Plaintiff prior to entering the roadway;

    e. In failing to exercise the degree of care and caution that a reasonably prudent person would have exercised under the circumstances then and their

       prevailing; and

    f.    In such other particulars as the evidence at trial may show;

all of which acts and / or omissions were a direct and proximate cause of the Plaintiff's injuries and damages, and all of which acts/or omissions were in violation of the statutes and laws of the State of South Carolina.

    20.    As a direct and proximate result of the Defendant's negligent acts or omissions set forth above, Plaintiff has sustained severe personal injury and physical harm, pain and suffering, emotional distress, permanent physical impairment, medical and drug treatment expenses, lost wages, property damage expenses, and loss of use of his motorcycle.

## CHARGE II
### (Negligent Supervision as to Defendant)

    21.    Plaintiff incorporates the allegations set forth above hereinbelow as if restated verbatim.

    22.    Defendant United States Postal Service owed a duty to the Plaintiff and the general public to hire, train, retain, and supervise employees and agents who are competent and/or suited for the particular duties and responsibilities entrusted to them. Such duty necessarily included a duty to train and supervise employees to whom government vehicles are entrusted and ensure their familiarity with local traffic laws, safe vehicle operations, and incident reporting requirements mandated by both state and federal laws and/or regulations

    23.    Defendant United States Postal Service breached its duty of care to the Plaintiff and was negligent, negligent per se, careless, reckless, willful, wanton, and grossly negligent in the following particulars:

        a.    in failing to adequately train and supervise Gregory Schreiber and in entrusting a motor vehicle to Gregory Schreiber;

        b.    in failing to ensure his familiarity and compliance with South Carolina Code

     §§ 56-5-2110, 56-5-2150, 56-5-2350, and other laws concerning traffic or the operation of motor vehicles in the State of South Carolina;

  c. in entrusting a motor vehicle to Gregory Schreiber despite the above-stated deficiencies in training, as well as failing to ensure his familiarity with the local driving area and local traffic patterns in Aiken, South Carolina.

24. As the direct and proximate result of said acts or omissions in the training and supervising of Gregory Schreiber , Plaintiff was injured and suffered damages as alleged above.

 WHEREFORE, Plaintiff prays unto this Honorable Court as follows:

  a. That this matter be tried before a jury;

  b. For actual damages to be demonstrated in the trial of this matter;

  c. For all attorneys fees, costs, expenses, and other damages allowed by law; and

  d. For such other relief as this Court may deem just and proper.

          **MAXWELL LAW FIRM, LLC**

        By: *s/ Angela Christy Tyner*
          Angela Christy Tyner
          Fed Bar No. 9808
          SC Bar No. 71634
          cytner@maxwelllawfirm.com
          P.O. Box 1115
          Aiken, South Carolina 29802
          (803) 641-6700

October 7, 2025
Aiken, South Carolina